ALVAH COLTON & others *vs.* HENRY KING.

The Rev Sts. *c.* 28, § 200, do not prohibit the sale of wood upon and by the side of the land where it was cut, although it is not of the length therein prescribed for cord-wood.

A declaration upon an account annexed, for a certain number of cords of wood, is not supported by proof of a sale according to the terms of a special agreement that, in ascertaining the amount, wood less than four feet long should be treated as of that full length.

A declaration upon an account annexed, for a certain number of cords of wood, may be amended after verdict, by the addition of allegations to correspond with an agreement found by the jury to have been made by the parties at the time of the sale, that, in ascertaining the amount, wood less than four feet long should be treated as of that full length.

CONTRACT on an account annexed, for 542⅝ cords of wood, at $3.50 per cord. The answer set forth that the plaintiffs exposed to sale in Hampden county certain wood which was neither four feet, three feet, nor two feet long, and denied that they ever sold him any wood except that so exposed for sale; and denied the sale and delivery of the quantity alleged, and averred ignorance of the actual quantity sold and delivered.

At the trial in the superior court, it appeared that, at the time of the sale, the wood was upon and by the side of the land where it was cut, and that the principal part of it was piled there; and, the defendant objecting that it was somewhat less than four feet long, the plaintiffs refused to sell it except as four feet wood; and the jury found, under the instructions of *Rockwell*, J., that it was agreed between them that it should be taken as such, and that, in ascertaining the amount, the length of the sticks should not be measured, but that a pile eight feet long and four feet high should be taken for a cord; and they accordingly returned a verdict for the plaintiffs, for the full amount claimed. The defendant alleged exceptions.

This case was argued in writing, and decided in June 1861.

*G. Wells,* for the defendant, cited Rev. Sts. *c.* 28, § 200; *St.* 1796, *c.* 67; *Law* v. *Hodson,* 11 East, 300; *Forster* v. *Taylor,* 5 B. & Ad. 887; *Wheeler* v. *Russell,* 17 Mass. 258; *Hockin* v *Cooke,* 4 T. R. 315.

27 *

*E. D. Beach,* for the plaintiffs.

HOAR, J.   A contract, which is prohibited by a statute, will not support an action, whether the prohibition is express or implied.   If therefore the contract upon which the plaintiff declares was made in violation of the express requirements of the law, the verdict cannot be sustained.

The defendant contends that the contract upon which the plaintiffs seek to recover was in express contravention of Rev. Sts. *c.* 28, § 200, which is as follows: " All cord-wood exposed to sale shall be either four feet, three feet, or two feet long, including half the carf [kerf] ; and the wood, being well and close laid together, shall measure in quantity equal to a cord of eight feet in length, four feet in width, and four feet in height."

It is extremely difficult to give an interpretation to this statute, taken literally.   Regarded as a matter of positive regulation, and construed as a prohibition of all sales of wood not within its terms, the latter clause would seem to prohibit the sale of any quantity of wood less or greater than an exact cord.   The section was substantially copied from *St.* 1796, *c.* 67, § 1 ; but by a change of phraseology not felicitous, it provides that the " wood," instead of the " cord," shall be of certain specified dimensions.   There is no express prohibition of the sale of wood of a different length, nor any penalty declared for a violation of the statute, except in subsequent sections for " exposing to sale in any market, or upon any cart or other vehicle," and for " conveying from any wharf or landing place," firewood that has not been measured by a sworn measurer, according to the requirements of the statute.   Whether § 200 above quoted was intended by the legislature as anything more than a definition of what dimensions should constitute a cord, giving rights to the buyer corresponding to its provisions, and governing the public measurer in his official duty, requiring him to measure as three feet long wood which is not four feet in length, and as two feet that which is less than three, and not allowing wood less than two feet in length to be measured as cord-wood, is a question which may deserve further consideration.   But for the decision of the

principal question in this case it is sufficient to say, that we do not think the sale of a quantity of wood, piled upon and by the side of the land where it grew, is prohibited by law, although not of the length which the statute requires for cord-wood. If it were the intention of the legislature to forbid the sale of any firewood by the cord, which should not be four feet, three feet, or two feet long, we cannot understand the meaning of § 203, which regulates the measurement of wood brought by water, when it says, that " for that purpose, the wood shall be corded and piled by itself in ranges, making up in height what shall be wanting in length." That section was copied from *St.* 1799, *c.* 26, § 1, which first extended the provisions of law for the measurement of wood, so as to require that wood brought by water should be measured before it was loaded upon a cart, and which was enacted at a time when it is said that the wood brought by coasters usually measured considerably less than four feet; though four feet, by the statute of 1796, was then the only length prescribed for cord-wood. The sections which provide for the measurement, and which fix the penalty for selling or conveying wood without the measurer's certificate, are all of them (§§ 201, 203, 204) made applicable only to cases in which the wood has been removed from the place where it grew. The principal exception of the defendant must therefore be overruled.

But there is another exception which seems to us valid. The declaration is upon an account annexed, for 542⅔ cords of wood. The proof was not of any number of cords sold, but of a bargain by which a partial and imperfect measurement was agreed upon by which to fix the quantity to be paid for, the plaintiffs admitting that it did not give the true quantity. We are of opinion that a declaration for the sale and delivery of a certain number of cords of wood must be interpreted as meaning " cords " such as the statute defines, and is not supported by proof of a special agreement that a less quantity should be delivered and accepted as a cord under the contract between the parties. *Hockin* v. *Cooke,* 4 T. R. 315.

That this exception is sustained will not, however, necessarily

require a new trial. The declaration may be amended after ver-
dict, so as to correspond with the proof at the trial, as shown
by the bill of exceptions, upon the terms required by the rules
of the superior court, and the payment of the costs upon the
exceptions ; and if the plaintiffs so amend, a new trial will not
be ordered on account of the variance. Gen. Sts. *c.* 129, § 41.

*Exceptions sustained.*